UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-21706-CIV-COOKE/O'SULLIVAN

GLD, LLC,

    Plaintiff,

v.

6 ICE, LLC,

    Defendant.

_____/

## ORDER

THIS MATTER came before the Court on the Defendant 6 Ice, LLC's Motion to Quash Defective Service of Process with Incorporated Memorandum of Law (DE# 16, 7/19/21).

## BACKGROUND

On May 4, 2021, GLD, LLC (hereinafter "plaintiff") filed a six-count complaint against 6 ICE, LLC (hereinafter "defendant") alleging causes of action under federal and Florida law for trade dress infringement, unfair competition and false designation of origin and trade dress dilution. See Complaint and Demand for Jury Trial (hereinafter "Complaint"). On the same day, the Clerk's Office issued a summons directed to the defendant. See Summons in a Civil Case (DE# 4, 5/4/21) (hereinafter "Summons").

On May 27, 2021, the plaintiff filed a proof of service signed by Teresa F. Scharf, a paralegal. See Proof of Service (DE# 6, 5/27/21). Ms. Scharf attested, under penalty of perjury, that on May 18, 2021, "[t]he Summons, Complaint, and Notice of Assignment regarding new judge [were] served via secure e-mail upon [the] statutory agent,"

LegalZoom. Id.

On June 11, 2021, the plaintiff moved for the entry of a clerk's default "for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure . . . ." See Application for Clerk's Entry of Default Against Defendant 6 ICE, LLC (DE# 9, 6/11/21) (hereinafter "Application for Clerk's Default"). The Application for Clerk's Default was accompanied by the Affidavit of Rachael L. Rodman, an attorney who has been granted pro hac vice admission to represent the plaintiff in the instant case. See Affidavit of Rachael L. Rodman (DE# 9-1, 6/11/21) (hereinafter "Rodman Aff."); Order (DE# 8, 5/27/21).

On June 14, 2021, a deputy clerk entered a notice of non-entry of default (DE# 10, 6/14/21). The docket entry stated that a "summons (affidavit) returned executed or waiver of service executed . . . ha[d] not been entered on [the] docket" and "[t]he court record [did] not indicate leave of Court for Alternative Service due to COVID-19." Id. (some capitalization omitted).

On July 19, 2021, the defendant filed the instant motion seeking to quash service of process. See Defendant 6 Ice, LLC's Motion to Quash Defective Service of Process with Incorporated Memorandum of Law (DE# 16, 7/19/21) (hereinafter "Motion").[1] The plaintiff filed its response in opposition on August 2, 2021. See Plaintiff GLD, LLC's Memorandum in Opposition to Defendant 6 Ice, LLC's Motion to Quash Defective

---

[1] The instant Motion was initially filed as a response to the plaintiff's motion for default judgment. See Defendant 6 Ice, LLC's Combined Response in Opposition to Plaintiff GLD, LLC's Motion for Default Judgment and Defendant 6 Ice, LLC's Motion to Quash Defective Service of Process with Incorporated Memorandum of Law (DE# 13, 7/12/21). On July 16, 2021, the Court struck this response on the ground that "[a] response in opposition to a motion is not the proper avenue to file what should be [a] separate motion." See Endorsed Order (DE# 14, 7/16/21).

2

Service of Process (DE# 22, 8/2/21) ("Response"). The Response was accompanied by a declaration from attorney Rachael Rodman. See Declaration of Rachael L. Rodman in Support of Plaintiff GLD, LLC's Memorandum in Opposition to Defendant 6 Ice LLC's Motion to Quash Defective Service of Process (DE# 22-1, 8/2/21) (hereinafter "Rodman Decl."). The defendant filed a reply on August 9, 2021. See Defendant's Reply Memorandum in Support of Motion to Quash Defective Service of Process (DE# 23, 8/9/21) ("Reply").

## THE PLAINTIFF'S EFFORTS TO SERVE THE DEFENDANT[2]

**1.      May 18, 2021 Service of Process**

Initially, the plaintiff hired a process server to serve the defendant at its address in Los Angeles, California. Rodman Decl. at ¶ 4. The process server informed the plaintiff that the defendant "did not maintain a physical office" at that location and that the "address was only for receiving mail and deliveries." Id.

The plaintiff contacted LegalZoom, the defendant's statutory agent for service of process. Rodman Decl. at ¶ 4. "LegalZoom advised that it could not accept service of process in person during May 2021 due to the COVID-19 pandemic and indicated that service of process should be made by email or mail." Id. at ¶ 5.

---

[2] The information summarized in this section was obtained from the Proof of Service (DE# 6, 5/27/21) which was signed, under penalty of perjury, by paralegal Teresa F. Scharf, the Affidavit of Rachael L. Rodman (DE# 9-1, 6/11/21) and the Declaration of Rachael L. Rodman (DE# 22-1, 8/2/21). The defendant disputes the legal sufficiency of the plaintiff's efforts to serve the defendant, but has not filed any declarations, documents or other evidence countering the factual allegations contained in these three documents. Therefore, the undersigned considers the facts summarized in this section as undisputed. The undersigned does not rely on any legal conclusions contained in these documents.

3

On May 18, 2021, the plaintiff's counsel's office either emailed or caused to be emailed[3] to LegalZoom a copy of the summons, Complaint and notice of assignment regarding new judge. Rodman Decl. at ¶ 6; Proof of Service at 1. The plaintiff "obtained confirmation from both LegalZoom and the share file notification that each of the served files was successfully downloaded by LegalZoom on the same date." Id. On or about June 10, 2021, LegalZoom "confirm[ed] that it had provided the served materials to Defendant 6 Ice LLC on May 19, 2021 . . . ." Rodman Decl. at ¶ 8[4]

On June 15, 2021, Ms. Rodman "called LegalZoom . . . to determine whether its ability to accept service of process in person had changed given the improving conditions of the COVID-19 pandemic." Rodman Decl. at ¶ 10. A "LegalZoom representative . . . indicated that LegalZoom was still unable to accept service in person and that service must be made by email or mail." Id.

---

[3] The plaintiff does not specify who sent the email to LegalZoom. The Rodman Affidavit and Rodman Declaration state a legal conclusion: "Our office made service on LegalZoom via email on May 18, 2021 . . . ." Rodman Aff. at ¶ 6; Rodman Decl. at ¶ 6. The Proof of Service is written in the passive voice: "The Summons, Complaint, and Notice of Assignment regarding new judge was [sic] served via secure email upon statutory agent." Proof of Service at 1.

[4] The defendant states that "[it] became aware of this action on or about June 25, 2021, through a third party (other than its registered agent LegalZoom, Inc.)" but has not filed an affidavit, declaration or other sworn document attesting to this fact. Motion at ¶ 17. In any event, for purposes of the instant Motion, it does not matter when the defendant became aware of this lawsuit. "A defendant's actual notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

**2.      June 29, 2021 Service of Process**

On June 29, 2021, an attorney at plaintiff's counsel's office[5] emailed LegalZoom a copy of the summons and the Complaint. See Notice (DE# 18-1, 7/27/21). On the same day, "LegalZoom signed and returned an acknowledgement of receipt of service pursuant to Section 415.30 of the California Code of Civil Procedure." Rodman Decl. at ¶ 12. The acknowledgment of receipt of summons was signed by Joyce Yi as manager of LegalZoom.com, Inc. See Notice (DE# 18-1, 7/27/21). It "acknowledge[d] receipt on **5/18/2021**. . . of a copy of the summons and of the complaint at 101 N. Brand Blvd. Fl. 11, Glendale, CA 91203 **via email to: ramanagement@legalzoom.com**." Id. (emphasis added).

In addition to the email, on June 29, 2021, the plaintiff also attempted service on LegalZoom by United States priority mail. Rodman Decl. at ¶ 12.[6]

On July 27, 2021, the plaintiff filed an amended complaint. See Amended Complaint and Demand for Jury Trial (DE# 17, 7/27/21).

## **STANDARD OF REVIEW**

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(h)(1) states, in pertinent part, that a plaintiff may serve an entity[7] within the United

---

[5] The plaintiff filed a Notice (DE# 18-1, 727/21) which identifies the sender as Katherine M. Poldneff. A review of the plaintiff's counsel's website shows that Ms. Poldneff is an attorney with that firm.

[6] Ms. Rodman's declaration does not list the documents sent to LegalZoom on June 29, 2021 by United States priority mail.

[7] The defendant in the instant case is a limited liability company. Rule 4(h)(1) applies to limited liability companies. See Tetra Tech Ec, Inc. v. White Holly Expeditions LLC, No. 3:10-CV-465-J-32MCR, 2010 WL 3259696, at *6 (M.D. Fla. Aug. 16, 2010) (stating that "Rule 4(h), Federal Rules of Civil Procedure, control[s] service of process on

States "in the manner prescribed by Rule 4(e)(1) for serving an individual"[8] or "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). The term "delivering" has been interpreted to mean personal service. See Hunt v. Nationstar Mortg., LLC, 684 F. App'x 938, 941 (11th Cir. 2017) (stating that "[b]ecause Rule 4(h)(1) requires in person service on defendant-corporations, [the plaintiff]'s attempt to serve the defendants by certified mail alone was not sufficient under Rule 4(h)(1)."); Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (noting that "[t]he term 'delivering' appears to refer to personal service.").

"Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." Fitzpatrick v. Bank of New York Mellon, 580 F. App'x 690, 694 (11th Cir. 2014) (citing Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981)).[9] "Once the sufficiency of service is brought into question," the plaintiff has the burden of showing that service of process was proper.

---

corporations, partnerships, and unincorporated associations and applies to service on a limited liability company.").

[8] Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, the plaintiff asserts that service of process was effectuated under California law. See Response at 5 (citing Cal. Code of Civ. Proc. § 415.30). The plaintiff has not argued that service was proper under Florida law. Therefore, the undersigned will only address service of process under California law.

[9] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Cadot v. Miami-Dade Fire Rescue Logistics Div., No. 13-23767-CIV, 2014 WL 1274133, at *1 (S.D. Fla. Mar. 27, 2014) (Cooke, J.) (citations omitted). "If the plaintiff can establish that service was proper, the burden shifts to the defendant to bring strong and convincing evidence of insufficient process." Id. "A defendant's actual notice [of the lawsuit] is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

## ANALYSIS

The parties dispute whether the plaintiff effectuated valid service of process on the defendant. As summarized above, the plaintiff attempted service of process on the defendant multiple times: service by email to LegalZoom on May 18, 2021, service by email to LegalZoom on June 29, 2021 and service by United States priority mail on June 29, 2021.

**1.      Service by Mail under Section 415.30**

At the outset, the Court finds that the plaintiff's June 29, 2021 service by United States priority mail was insufficient under California law. Under California law "[s]ervice of a summons pursuant to [section 415.30] is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). "Effective service on a defendant within California **requires a signed receipt of the summons and complaint**." Bolkiah v. Superior Ct., 74 Cal. App. 4th 984, 1000 (1999) (emphasis added).

In the instant case, the plaintiff has not filed a written acknowledgement of receipt for the documents sent on June 29, 2021 via United States priority mail. The

7

acknowledgement of receipt filed with this Court is for the summons and complaint emailed to LegalZoom. See Notice (DE# 18-1, 7/27/21). The plaintiff has not filed an acknowledgement of receipt for the documents mailed on June 29, 2021. Therefore, the plaintiff has not effectuated service by mail pursuant to section 415.30.

Additionally, Ms. Rodman's declaration does not list which documents were included in the June 29, 2021 mailing. Thus, the Court cannot conclude that the necessary documents were mailed on that day. See Cal. Civ. Proc. Code § 415.30(a) (requiring "[a] copy of the summons and of the complaint . . . be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision").

In McDow v. Shelter Fin. Servs., LLC, the court determined that the plaintiff had failed to show adequate proof of service on the defendant where the record reflected similar deficiencies. 1:21-CV-00163-AWI-EPG, 2021 WL 4078032, at *2 (E.D. Cal. Sept. 8, 2021) (noting that "there [was] no indication that the required notice and acknowledgement, see § 415.30(b), were mailed to Defendant" and "Plaintiff attache[d] no returned written acknowledgment to show that service ha[d] been completed."); see also Gines Dominguez v. Osorio, No. CV 16-689 PSG (GJSX), 2018 WL 7458522, at *4 (C.D. Cal. Oct. 18, 2018) (finding service on defendant defective where "the proof of service . . . fail[ed] to state that the summons and complaint were mailed 'together with two copies of the notice and acknowledgement' and 'a return envelope, postage prepaid, addressed to the sender' in compliance with California Civil Procedure Code § 415.30" and "there [was] no receipt of acknowledgement of service on file with the Court to corroborate that Defendant . . . was properly served"). For the same reasons, the

Court finds that the plaintiff did not effectuate service by mail pursuant to Cal. Civ. Proc. Code § 415.30.[10]

2. **Section 415.30 Does Not Expressly Provide for Service by Email**

As already noted, the plaintiff attempted to effectuate service of process on the defendant by email on May 18, 2021 and on June 29, 2021. See supra. The defendant states that "Plaintiff did not receive leave of court to serve the Summons and Complaint via email." Motion at ¶ 8. The defendant further states that "[n]either the Federal Rules of Civil Procedure nor the Florida or California state statutes provide that service of process may be completed via email – especially without leave of Court." Id. at 6.

The plaintiff seeks to establish proper service of process under California Civil Procedure Code § 415.30. Response at 5. Section 415.30 states that:

> A summons may be **served by mail** as provided in this section. A copy of the summons and of the complaint **shall be mailed** (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

Cal. Civ. Proc. Code § 415.30(a) (emphasis added). There is no provision in section 415.30 for service by email. Section 415.30 only addresses service by mail. Therefore, the Court cannot conclude that the plaintiff complied with section 415.30 when it attempted service of process by email on May 18, 2021 and June 29, 2021.

3. **Modification or Waiver of Service of Process**

The plaintiff acknowledges that "service by email is not generally an appropriate

---

[10] Because the plaintiff's attempted service by mail is otherwise deficient, the Court does not address whether the plaintiff's use of Priority Mail satisfied section 415.30(a)'s requirement that service be made "by first-class mail or airmail, postage prepaid." Cal. Civ. Proc. Code § 415.30(a)

9

method of service," but states that "in this case, [the defendant's] statutory agent LegalZoom directed service of process be made by email." Response at 4. The plaintiff maintains that service of process was effectuated on May 18, 2021 or in the alternative, on June 29, 2021. Id. at 1 (stating that "Defendant 6 Ice was properly served in this case via service upon its statutory agent in the form requested by the statutory agent on May 18, 2021. In addition, in a 'belt and suspenders' approach, GLD served 6 Ice again on June 29 via email and mail.").

The plaintiff relies on Stockfood Am., Inc. v. Am. Dive Bars, LLC in support of its argument that valid service of process was effectuated via email. No. CV 20-4237 FMO (KSX), 2020 WL 7343242 (C.D. Cal. Oct. 19, 2020); Response at 4. In Stockfood, the court addressed an application for default judgment. 2020 WL 7343242 at *1. The court noted that the defendant had been served with the summons and complaint via email and, in a footnote, explained that:

> **Plaintiff served defendant's registered agent for service of process, Legalzoom.com, Inc. ("Legalzoom"), by email because Legalzoom posted a sign outside of its offices stating that it [was] accepting service by email due to the COVID-19 pandemic**. . . . Plaintiff emailed the summons and complaint to the email address provided on the posted sign, and **a Legalzoom representative responded to the email and confirmed receipt of the summons and complaint**.

Id. at *1, n.1 (emphasis added; citations to the record omitted). The court proceeded to grant in part and deny in part the application for default judgment. Id. at *5.

The defendant argues that "although the proof of service via email is noted" in Stockfood, "the [c]ourt did not expressly find that service by email was proper" because "the Defendant did not enter an appearance and no challenge was asserted to service of process by email." Reply at ¶ 10.

10

The Ninth Circuit has stated that "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). "Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant." Boards of Trustees of Sheet Metal Workers Pension Tr. of N. California v. CER Mech. Corp., No. 20-CV-03462-WHO, 2021 WL 1338556, at *2 (N.D. Cal. Apr. 9, 2021). Thus, the court in Stockfood's statements regarding the date of service and manner in which the defendant was served was likely an integral part of its decision to grant in part the application for default judgment.

Nonetheless, the Court finds that the plaintiff has not met its burden of showing that service of process was properly effectuated. The plaintiff has not complied with the waiver of service requirements of Rule 4(d):

> Federal Rule of Civil Procedure 4(d) provides for waiver of service, which essentially amounts to service by mail with specific additional requirements. Pursuant to Rule 4(d), a party may request waiver of service of process by notifying the defendant in writing that an action has been commenced and requesting that defendant waive service of a summons. The writing must be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form. Fed.R.Civ.P. 4(d)(1)(C). If Plaintiff is unable to obtain waiver after providing defendant a reasonable time of at least thirty days after the request was sent, Fed.R.Civ.P. (d)(1)(F), Plaintiff must seek to accomplish personal service on Defendant, and the court must, absent a showing of good cause, impose on the defendant the expenses later incurred in making such service. Fed.R.Civ.P. 4(d)(2).

Thongnoppakun v. Am. Exp. Bank, No. 2:11-CV-08063-ODW, 2012 WL 1044076, at *2 (C.D. Cal. Mar. 26, 2012) (citing Fed. R. Civ. P. 4(d)). "California Code of Civil

11

Procedure section 415.30 provides for service by 'notice and acknowledgement,' which is substantially similar to waiver of service under Rule 4(d)." Id. Both "require[ ] that the summons and complaint **be mailed** together with two copies of the notice and acknowledgement set forth in the statute." Id. at *2 (emphasis added). Here, the plaintiff's May 18, 2021 and June 29, 2021 emails to LegalZoom did not meet the requirements of section 415.30 or Rule 4(d).

The Court remains unpersuaded that LegalZoom's directions to the plaintiff were sufficient to meet the plaintiff's burden of showing proper service of process. The plaintiff has not cited to any case law under California law addressing a registered agent's authority to modify or waive service of process. In West v. Bell & Ross Inc., for instance, the court found that a registered agent's directions to use a drop box were insufficient to show service of process had been effectuated:

> While the Court appreciates the challenges posed by the pandemic and the desire to reduce personal contact, it does not appear that service in this case was proper, as service was neither personal nor were the Summons and Complaint properly mailed under New York law. **To the extent Plaintiff contends that service was proper because the registered agent in essence waived personal service by directing service via the drop box, Plaintiff does not point to anything in the state or federal rules or relevant case law to support this contention**. Rule 4(d) of the Federal Rules of Civil Procedure outlines a specific method for waiving service of a summons, which Plaintiff did not follow in this case. And while Rule 5(b)(2)(F) allows for service of papers and pleadings after the filing of the original complaint to be delivered "by any other means that the person consented to in writing," the Court is not aware of—nor has Plaintiff pointed to—any equivalent language for service under Rule 4 or pursuant to the New York service of process rules.

No. 20-CV-3775 (JPC), 2021 WL 1040578, at *2 (S.D.N.Y. Feb. 1, 2021) (emphasis added).

**CONCLUSION**

For the foregoing reasons, the Court finds that the plaintiff has failed to show proper service of process on the defendant. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant 6 Ice, LLC's Motion to Quash Defective Service of Process with Incorporated Memorandum of Law (DE# 16, 7/19/21) is **GRANTED**. Service of process on the defendant is hereby **QUASHED**. The plaintiff shall have **thirty (30) days** to effectuate service of process on the defendant.

DONE AND ORDERED, in Chambers in Miami, Florida this **1st** day of October, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE